## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CORY BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV2087 JAR |
| | ) |
| KEEFE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Cory Bradley (registration no. 6738),

an inmate at St. Louis City Justice Center, for leave to commence this action without payment of

the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have

sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0.21.

See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds

that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or

her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0.00, and an average monthly balance of $1.06. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.21, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the Keefe Company; Keefe Commissary Network; Keefe Group; City of St. Louis Division of Corrections, Medium Security Institution; and Mayor Francis G. Slay.

- 2 -

Plaintiff alleges that he is a "Private living breathing man/citizen of the United States." He claims that the Keefe companies have denied his Ninth Amendment rights because "Federal Reserve Notes are not legal money" and the companies should not be charging him for commissary supplies.

Plaintiff alleges that the St. Louis Division of Corrections and Francis Slay have violated his rights by causing him to pay restitution for property he destroyed, namely, an armband.

In his exhibits, plaintiff has filed several papers typical of the "sovereign citizens" movement, which have no actual meaning.

Plaintiff has filed a motion for leave to file an amended complaint. Plaintiff states he wishes to add medical claims against Corizon, Inc., and a claim against a doctor about religious meals.

## Discussion

The complaint is wholly frivolous. Section 1983 imposes liability on state actors for violations of the Constitution or laws of the United States. The Keefe defendants are not state actors. Plaintiff has no constitutional right to free commissary items.

Plaintiff does not have any right to be free from paying restitution to the Justice Center when he destroys property. As a result, his claim against the City and the mayor are frivolous.

The claims plaintiff seeks to add in his motion to amend are completely unrelated to those stated in the complaint. Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Stated another way, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d

605, 607 (7th Cir. 2007). Therefore, if plaintiff wishes to bring medical claims against Corizon, he must do so in a separate case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $0.21 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that each of plaintiff's remaining motions are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this ⟨12th⟩ day of January, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE